IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN
CIVIL ACTION - LAW

| | |
|---|---|
| Diane Venziale : | |
| 17 PRICKETT LANE : | |
| HAINESPORT, NJ 08036 : | CIVIL ACTION |
| Vs. : | |
| : | No. |
| Homegoods, Inc. : | |
| 770 Cochituate Rd : | |
| Framingham, MA, 01701-4666 : | JURY TRIAL DEMANDED |
| : | |
| And : | |
| TJX Companies, Inc. : | |
| 770 Cochituate Road : | |
| Framingham, MA 01701 : | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Diane Venziale, by and through her attorneys, Patrick JHMatthew S. Breslin, Esquire, brings this cause of action against the above-named Defendants, and in support thereof, state the following:

### I. PARTIES

1. Plaintiff, Diane Venziale, is a citizen of the State of New Jersey residing at 17 Prickett Lane, Hainesport, NJ 08036.

2. Defendant, Homegoods, Inc. is licensed to transact business throughout the State of New Jersey, and which, at all times material hereto, maintained a furniture store located in NJ and is a resident and is incorporated in the Commonwealth of Massachusetts.

3. Defendant, TJX Companies, Inc. is licensed to transact business throughout the State of New Jersey, and which, at all times material hereto, maintained a furniture store located in NJ and is a resident and is incorporated in the Commonwealth of Massachusetts.

## II. JURISDICTION and VENUE

4. Jurisdiction in this matter is premised upon 28 USC §1332(a)(2) in that the Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00.

5. Plaintiff is a citizen of the State of New Jersey.

6. Defendant, Homegoods, Inc. is a Massachusetts corporation with a registered agent address at 770 Cochituate Road, Framingham, MA 01701 and a place of business at the above referenced address in New Jersey.

7. Defendant, TJX Companies, Inc. Corporation with a registered corporate address at 770 Cochituate Road, Framingham, MA 01701 and a place of business at the above referenced address.

8. Venue is proper in this Court pursuant to 28 USC §1391 in that the cause of action arose in this District.

## III. FACTS

9. At all times material hereto, Defendants owned, operated, maintained, inspected, repaired and/or controlled the property located at 215 Rte. 73 South, Marlton, NJ 08053, commonly known as "Home Goods."

10. At all times material hereto, Defendants acted by and through their owners, managers, agents, maintenance workers, servants, workmen and/or employees who were acting within the course and scope of its employment and/agency and in the furtherance of Defendants' business.

11. On May August 7, 2020, Plaintiff Diane Veneziale was a business invitee/guest at

and on the premises of Defendants' furniture store lawfully traversing walkways and/or aisle adjacent to the furniture and wall tech of the Defendants' property while shopping at Defendants' store, located at 215 Rte. 73 South, Marlton, NJ 08053, when she encountered a condition in the form of a liquid substance, creating a slippery surface located on the floor of Defendants' property causing her to slip, stumble, twist and/or trip and fall, and sustain serious injuries to her neck, back, spine, hips, and legs.

12. The liquid substance, creating a slippery surface, which caused Plaintiff's fall existed for sometime prior to Plaintiff's fall and Defendants knew or should have known of its existence.

13. Defendants, as owners and operators of the facility which is open to the general public, owed a duty to its customers and business invitees/guests, including Plaintiff, to keep its premises in a reasonably safe and hazard-free condition for use by its customers and business invitees/guests.

14. Defendants, by and through its owners, agents, supervisors, servants, workmen and/or employees, owed the highest duty of care to Plaintiff and others to assure that reasonable care had been taken to prepare the premises and make it safe for users, including inspecting and removing and/or warning of known hazards, generally exercising reasonable care, to protect the users thereon, one of whom was Plaintiff.

15. At all times material hereto, Defendants, by and through its owners, agents, supervisors, groundskeepers, servants, workmen and/or employees, had a general duty to visitors and/or invitees to use reasonable care to keep the premises safe and to guard or warn the visitor/invitee from any hidden danger or defect that would be or could be discovered using due care and presents a reasonably foreseeable risk of harm.

16. Defendants, as owners and operators of the facility, and/or by and through its agents, supervisors, servants, workmen and/or employees, had actual prior knowledge that its property was being used for business purposes and, further, had actual knowledge that said property was in such condition as to create an unreasonable risk of injury and/or serious bodily harm which condition would not be apparent to those persons using said property.

17. The accident and resulting injuries sustained by Plaintiff were caused solely by the negligence, carelessness and gross negligence of Defendants, as owners and operators of the facility and/or by and through its agents, servants, workmen and/or employees, and was in no manner caused by any act or failure to act on the part of Plaintiff.

**FIRST COUNT**
**Diane Veneziale v. Homegoods, Inc.**
**(Negligence)**

18. For the sake of brevity, Plaintiff incorporates the preceding paragraphs herein as if same were set forth herein at length.

19. Defendant, Homegoods, Inc. as owner and operator of the facility/store, and/or by and through its agents, supervisors, servants, workmen and/or employees, failed to guard or warn those persons lawfully upon their property against the dangerous condition, use, structure and/or activity.

20. Defendant as aforesaid knew of the dangers of the dangerous condition and failed to inspect, failed to properly maintain, failed to properly repair and failed to alleviate or remove the danger, and consciously and deliberately failed to warn Plaintiff of the extremely hazardous condition.

22. Defendant's actions, or inactions, by and through its owners, agents, supervisors,

servants, workmen and/or employees, were willful, wanton and/or grossly negligent.

23. At the aforesaid time and place, Defendant, by and through its owners, agents, supervisors, managers, servants, workmen and/or employees, was negligent in the failure to make reasonable inspection of said facility/store on a regular, daily basis; failure to have the floors of said facility/store properly maintained, repaired and free from spills; failure to warn its land users of hidden dangers or defects that could present a hazard to those lawfully on its property; failure to use reasonable care to keep its premises safe and hazard-free from hidden dangers and defects that a normal person may not recognize or would not be readily apparent to a layperson; and, breaching their duties under the Restatement of Torts 2d, including but not limited to §363.

24. By reason of the aforesaid negligence of Defendant, by and through its owners, supervisors, managers, agents, servants, workmen and/or employees, Plaintiff suffered severe and substantial personal injuries, as described supra, and has been and in the future will be caused to undergo great pain and suffering, mental anguish and anxiety; has been and in the future will be prevented from pursuing their usual duties and occupation and suffered a loss of earnings and/or impairment of earning power; and, has and in the future will be cause to expend large sums of money for medical care and attention in and about endeavoring to cure themself of their injuries.

WHEREFORE, Plaintiff Diane Veneziale demands judgment against Defendant Homegoods, Inc., for sums in excess of $75,000.00, exclusive of interest and costs, and attorney's fees.

**SECOND COUNT**
**Diane Veneziale v. TJX Companies, Inc.**

25. For the sake of brevity, the allegations set forth in the previous Counts are herein repeated and made a part of this Count.

26. The aforementioned personal injuries and other damages which were suffered by Plaintiff were caused, in whole or in part, by deliberate, intentional, reckless, willful and/or wanton acts and/or omissions of Defendant TJX Companies, Inc., which was with knowledge and reckless disregard of the high degree of probability of harm to the Plaintiff and others and reckless indifference to the consequences.

WHEREFORE, Plaintiff Diane Veneziale demands judgment against Defendant TJX Companies, Inc. for sums in excess of $75,000.00, exclusive of interest and costs, and attorney's fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the Plaintiff hereby demands a trial by jury in this matter.

*RODDEN RODDEN & BRESLIN*

BY: */s/ Patrick J. Rodden*
*/s/Matthew S. Breslin*

Attorneys for Plaintiff(s)
125 North 20th Street
Philadelphia, PA 19103
(215) 940-2155
Msbreslin@gmail.com

Date: July 22, 2022